UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO HERRERA, | No. 2: 17-cv-00765 KJN P |
| Plaintiff, | |
| v. | ORDER |
| MR. GRAY, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the

1    complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

2    favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

3    grounds, Davis v. Scherer, 468 U.S. 183 (1984).

4          The only named defendant is law librarian Gray.  Plaintiff alleges that on April 7, 2017,

5    plaintiff went to the law library.  Plaintiff alleges that defendant Gray refused to allow plaintiff to

6    enter the law library because plaintiff had filed a lawsuit against one of defendant Gray's friends

7    at the prison hospital.  Plaintiff alleges that defendant Gray also stated that "we … will pay you

8    back, when this is over with the federal court, the CDC is going to put you in the hole and then

9    transfer you out of here and put you with your enemies … for they could kill you."

10          Plaintiff seeks injunctive relief only.  In particular, plaintiff seeks an order preventing the

11   medical staff, defendant Gray and the CDCR from transferring him and putting him in lock-up if

12   he has done nothing wrong.  Plaintiff also requests that the court order medical staff, defendant

13   Gray and CDCR to stop putting labels on him, such as stating that he is associated with the

14   Mexican Mafia and a snitch.  Plaintiff alleges that "they" told a prisoner that plaintiff told on him,

15   which put plaintiff's life in danger.

16          Plaintiff has stated a potentially colorable retaliation claim against defendant Gray.

17   However, it does not appear that plaintiff has named the proper defendants for the injunctive

18   relief sought.  The Ninth Circuit has recognized that the proper state defendant in a § 1983 action

19   seeking prospective injunctive relief is the one who "would be responsible for ensuring that

20   injunctive relief was carried out, even if he was not personally involved in the decision giving rise

21   to [the plaintiff's] claims."  Pouncil v. Tilton, 704 F.3d 568, 576 (9th Cir. 2012) (citing Gonzales

22   v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) (the prison warden was the proper defendant for

23   a claim of injunctive relief, notwithstanding his lack of personal involvement in the challenged

24   conduct, because he would be responsible for ensuring that the injunctive relief was carried out).

25          It does not appear that defendant Gray, as the law librarian, has the authority to respond to

26   court orders regarding plaintiff's housing status.  In addition, the court cannot issue orders

27   ////

28   ////

1    regarding injunctive relief to non-defendants, including medical staff and CDCR officials.  For

2    these reasons, plaintiff's complaint is dismissed with leave to amend.[1]

3           Plaintiff also alleges that he has been wrongly labeled as a gang member and a snitch, and

4    seeks an order directing prison officials to stop making these improper labels.  However, plaintiff

5    does not allege that defendant Gray improperly labeled him.  Because plaintiff has not linked

6    defendant Gray to these claims, the court cannot direct defendant Gray to cease making these

7    improper labels.

8           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

9    about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

10   Goode, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

11   named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is

12   some affirmative link or connection between a defendant's actions and the claimed deprivation.

13   Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743

14   (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

15   rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

17   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

18   complaint be complete in itself without reference to any prior pleading.  This requirement exists

19   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

20   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

21   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

22   original complaint, each claim and the involvement of each defendant must be sufficiently

23   alleged.

24          In accordance with the above, IT IS HEREBY ORDERED that:

25          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

27   _____

     [1]  The court could issue orders directing defendant Gray, for example, to allow plaintiff law
28   library access.

                                                    4

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: May 12, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Her765.14

5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

              Plaintiff,

    v.

MR. GRAY,

              Defendant.

No.  2:  17-cv-0765 KJN P

NOTICE OF AMENDMENT

      Plaintiff hereby submits the following document in compliance with the court's order

filed_____.

          _____         Amended Complaint

DATED:

                                              _____

                                            Plaintiff